W. B. STRICKLAND, *et al.*, as and constituting the County Board of Public Instruction of Escambia County, v. R. C. DOUGLASS.

185 So. 623.

Opinion Filed December 31, 1938.

*John Lewis Reese*, for Plaintiffs in Error;

*John M. Coe*, for Defendant in Error.

BUFORD, J.—The writ of error brings for review a judgment in favor of the plaintiff.

The declaration was in one count, alleging:

"The plaintiff by his attorney sues the defendant for that heretofore, to-wit: on the 30th day of June, A. D. 1936, the defendant in the performance of its duty in providing for the maintenance of the Public Free Schools of Escambia County, Florida, through its duly authorized agent, J. H. Varnum, Superintendent of Public Instruction of Escambia County, Florida, purchased of and from the plaintiff and the plaintiff sold and delivered to the defendant certain supplies for the use of said schools, as will more fully appear by bill of particulars attached hereto and marked Exhibit 'A' and made a part hereof, of the reasonable value and agreed price as therein stated, being an aggregate price of $1200.00, and the defendant then and there promised to pay for the same but failed and neglected so to do, to the injury of the plaintiff, wherefore he sues and claims Fourteen Hundred & no/100 ($1400.00) dollars damages."

The same was amended by adding a second count, as follows:

"And the plaintiff by his attorney further sues the defendant for that heretofore, to-wit: on the 30th day of June, A. D. 1936, the defendant became and was indebted to the plaintiff in the sum of Twelve Hundred and no/100 ($1200.00) Dollars, for money payable by the defendant to the plaintiff for goods bargained and sold by the plaintiff to the defendant and used by it in and for the maintainance of the Public Free Schools of Escambia County, Florida, as will more fully appear by original and supplemental bills of particulars hereinbefore filed, and being so indebted the defendant then and there promised to pay the said sum of money but did not pay the same. Wherefore plaintiff sues

and claims Fourteen Hundred and 00/00 ($1400.00) Dollars damages."

Demurrer being overruled, the defendant filed two pleas, as follows:

"1. That the defendant was never indebted, as therein alleged.

"2. That the said goods were never purchased of or from the plaintiff by defendant, nor were the said goods delivered to the defendant, as in said Declaration alleged."

And to the second count filed three pleas, as follows:

"1. That defendant never was indebted to plaintiff, as therein alleged.

"2. The defendant denies that it ever purchased the goods from plaintiff mentioned in his Declaration.

"3. Defendant denies that any such goods were ever bought by it from the plaintiff for the maintenance of Public Free Schools of Escambia County, Florida, as in and by said Declaration alleged."

On the issues thus presented the trial began, the plaintiff apparently relying on the second count of the declaration. After considerable testimony had been taken, the following occurred:

"By Mr. Reese:

"Q. Mr. Varnum, this $1200 bill, how much, that bill was hypothecated at the bank, was it not?

"A. Yes.

"Q. How much of that $1200 was paid?

"A. You mean to Douglass or to the bank?

"Q. To the bank by the Board.

"A. None.

"Q. How much did you pay on it?

"Mr. Coe: We object on the ground it is not in cross.

"Objection sustained.

"Q. Mr. Varnum: How much does the Board of Public Instruction of Escambia County owe Mr. Douglass on this $1200 claim?

"Mr. Coe: We object. It is irrelevant and immaterial—that is the very fact the jury is to determine.

"Objection sustained. Exception noted.

"Mr. Reese: We'll make him our witness and ask him how much has been paid.

"Mr. Coe: We object, it is irrelevant and immaterial and no plea of payment is in the record.

"Mr. Reese: I will *ore tenus* put a plea in the record.

"Mr. Coe: I object to that.

"The Court: The objection will be sustained. Have you the record of payment?

"Q. Mr. Varnum, have you got the records?

"A. No sir, the records I have are in the office of the School Board, in my office, as Superintendent.

"By the Court: Q. Have you got warrants covering this bill?

"A. Yes sir.

"Court recessed for Mr. Varnum to get the warrants.

"And therefore after recess the defendant tendered for filing a plea of payment, and the Court permitted the filing thereof upon condition that all other issues be withdrawn from the jury, to which condition defendant assented, wherefore such plea was filed.

"And therefore it was announced to the jury that defendant had abandoned its former pleas and with the Court's permission had filed a plea of payment upon which it alone now relied, and the only issue remaining to be determined was whether plaintiff's demand had been reduced by payment to $446.85 which was admitted to be due by defendant."

The plea of payment was as follows:

"Defendant for further plea to plaintiff's declaration says that before the institution of this suit defendant paid and discharged plaintiff's claim herein sued upon by payment to R. C. Douglass and Wm. C. Coe to whom said R. C. Douglass had assigned a portion of said indebtedness, except the sum of $446.85, the balance due on said indebtedness, which is the true balance due upon said alleged indebtedness and which is all that is due thereon, and defendant now tenders and proffers payment of said $446.85."

So there was left for consideration of the jury only the question of payment and the burden of proof thereof rested on the defendant. The evidence was conflicting but did not preponderate in favor of the defendant. The jury returned a verdict in favor of plaintiff and the trial court approved the verdict by denying motion for a new trial.

On consideration of the entire record, we find no reversible error.

The judgment is affirmed.

So ordered.

TERRELL, C. J., and WHITFIELD, BROWN, and CHAPMAN, J. J., concur.